**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALIYAH PEARSON, on behalf of Herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| HELZBERG'S DIAMOND SHOPS, LLC, and YRULER, INC., ) ) ) | |
| Defendants. ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(d), 1141, and 1446, Defendant yRuler, Inc. ("yRuler"), hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, yRuler states as follows:

**I. Plaintiff's Complaint**

1. On January 10, 2023, Plaintiff Aliyah Pearson filed a putative class action complaint against yRuler and Helzberg's Diamond Shops, LLC ("Helzberg") (collectively with yRuler, "Defendants") in the Circuit Court of Cook County, Illinois, captioned *Aliyah Pearson v. Helzberg's Diamond Shops, LLC, and yRuler, Inc.*, No. 2023-CH-00225 (the "State Court Action").

2. On January 18, 2022, yRuler was served with a copy of the Complaint and Summons in the State Court Action.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date yRuler was served with the initial pleading.

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibit 1.**

5. Plaintiff alleges that Defendants violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") through Helzberg's use of yRuler's virtual try on product for website users to see how Helzberg's jewelry looks on their hands and fingers. (Ex. 1 ("Compl."), ¶¶ 5, 47-67). Specifically, Plaintiff alleges that Defendants violated: (1) 740 ILCS 14/15(a) for failing to maintain a satisfactory biometric retention and deletion policy and adhere to such policy; and (2) 740 ILCS 14/15(b) for collecting, capturing, storing, using, and/or otherwise obtaining Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by Section 15(b)(3). (Compl. ¶¶ 47-67). Plaintiff alleges that these alleged violations were done "intentionally, recklessly or negligently." (Compl. ¶¶ 56, 67).

6. Plaintiff seeks to represent a putative class of "[a]ll Illinois residents who had their hand scan geometry collected, captured, received, or otherwise obtained and/or stored, by Defendant in Illinois prior to December 1, 2022." (Compl. ¶ 41).

7. Plaintiff seeks declaratory relief, injunctive and equitable relief, statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1), and reasonable attorneys' fees and costs and other litigation expenses. (Compl., Prayer for Relief, pp. 14, 17).

8. The Seventh Circuit holds there is Article III jurisdiction over BIPA claims like the ones Plaintiff brings in this case. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154-55 (7th Cir. 2020) (holding there is Article III jurisdiction over claims under Section 15(a) of BIPA

where plaintiff alleges unlawful retention of data)[1]; *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) (holding there is Article III jurisdiction over Section 15(b) claims).

## II. Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)

9. Removal is proper under 28 U.S.C. § 1332(d) because the United States District Courts have original jurisdiction over any class action: (i) involving a putative class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant; and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interests and costs. *See Dart Cherokee Basin Operating Co. v. Owens,* 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[2] Here, all three conditions are satisfied.

10. Plaintiff estimates that "members of the Class number in the thousands." (Compl. ¶ 41).

11. Accordingly, the class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

12. According to the allegations in the Complaint, Plaintiff is a resident of Illinois. (Compl. ¶ 11).

13. Defendant yRuler is a Delaware corporation with its principal place of business in Chicago, Illinois. (Compl. ¶ 13.)

14. Defendant Helzberg is a Missouri corporation, with its principal place of business also in Missouri. (Compl. ¶ 12.)

---

[1] Section 15(a) requires destruction "when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a). Plaintiff alleges that Defendants failed to adhere to any public retention schedule for permanently deleting Plaintiff's information (Compl. ¶ 55.)

[2] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

15. Because Plaintiff is a citizen of Illinois and Helzberg is a citizen of Missouri, at least one member of the class of Plaintiffs is a citizen of a State different from a Defendant as required by 28 U.S.C. § 1332(d)(2)(A).

16. None of the discretionary exceptions to this Court's exercise of jurisdiction enumerated in 28 U.S.C. § 1332(d) apply to this action.

17. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

18. BIPA provides for statutory damages of up to $5,000 for each intentional or reckless violation. 740 ILCS 14/20(2).

19. Plaintiff alleges that Defendant committed at least two BIPA violations with respect to Plaintiff and each other member of the putative class. (Compl. ¶¶ 47-67). Plaintiff further alleges that Defendant committed each of these violations "intentionally, recklessly" and seeks statutory damages of $5,000 for each such intentional or reckless violation. (Compl. ¶¶ 56, 67, Prayer for Relief).

20. Because Plaintiff alleges the class in the "thousands" that means at least 2,000 members. Multiplying $5,000 by 2,000 people equals $10,000,000. As such, the amount in controversy exceeds the threshold requirement, giving the district courts of the United States jurisdiction over this matter. 28 U.S.C. § 1332(d)(2)

21. This matter satisfies all requirements of 28 U.S.C. § 1332(d) and is therefore removable under the Class Action Fairness Act of 2005.

Case: 1:23-cv-00984 Document #: 1 Filed: 02/17/23 Page 5 of 7 PageID #:5

III. **Venue**

22. Venue is proper in the Eastern Division of the Northern District of Illinois, because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

23. yRuler will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of Cook County.

IV. **Reservation of Rights and Defenses**

24. yRuler hereby reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of yRuler's defenses. *See Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages."); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.")

WHEREFORE, Defendant yRuler, Inc. hereby removes this civil action to this Court on the bases identified above.

Dated: February 17, 2023                                  Respectfully submitted,

                                                          /s/ *Joel Griswold*

                                                          Bonnie Keane DelGobbo
                                                          Amy L. Lenz
                                                          BAKER & HOSTETLER LLP
                                                          One North Wacker Drive, Suite 4500

4859-9696-8017.1

Chicago, Illinois 60606
(312) 416-6200 (phone)
(312) 416-6201 (fax)
bdelgobbo@bakerlaw.com
alenz@bakerlaw.com

Joel Griswold
BAKER & HOSTETLER LLP
SunTrust Center
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
(407) 649-4088
jcgriswold@bakerlaw.com

6

4859-9696-8017.1

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she caused a true copy of the foregoing Notice of Removal to be served on counsel of record via email on February 17, 2023:

Carl Malmstrom
Wolf Haldenstein Adler Freeman
& Herz LLC
111 W. Jackson St., Ste. 1700
Chicago, IL 60604
malmstrom@whafh.com

Phillip L. Fraietta
Max S. Roberts
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY 10019
pfraietta@nursor.com
mroberts@bursor.com

/s/*Joel Griswold*